# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY
# LEXINGTON DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| Gencanna Global USA, Inc., *et al.*,[1] | |
| Debtors. | Case No. 20-50133-GRS |
| | (Jointly Administered) |
| Arrow Farms, LLC, | |
| Plaintiff, | |
| v. | |
| Gencanna Global USA, Inc., | Adv. No. _____ |
| Serve:<br>GARY M. BROADBENT<br>321 VENABLE ROAD<br>SUITE 2<br>WINCHESTER, KY 40391 | |
| Defendant. | |

## COMPLAINT TO DETERMINE
## THE VALIDITY, PRIORITY, AND EXTENT OF LIENS

Arrow Farms, LLC ("Arrow") by and through undersigned counsel, files this complaint (the "Complaint") to determine the validity, priority, and extent of liens against Gencanna Global USA, Inc. ("Gencanna" or the "Debtor"), and in support thereof alleges upon information and belief that:

## NATURE OF THE CASE

1. Arrow files this Complaint pursuant to Fed. R. Bankr. P. 7001(2) to establish the validity, priority, and extent of its liens in certain property of the Debtor. Arrow is party to two

---

[1] The Debtors in these chapter 11 bankruptcy cases are (with the last four digits of their federal tax identification numbers in parentheses): GenCanna Global USA, Inc. (0251); GenCanna Global, Inc. (N/A); and Hemp Kentucky LLC (0816).

agreements with the Debtor. Incident to those agreements, Arrow has on its real property certain equipment belonging to the Debtor (defined below as the Debtor Equipment), irrigation system pivots (defined below as the Pivot) and harvested bales of hemp (defined below as the Bales). Arrow holds a possessory lien in the Equipment and the Pivot pursuant to KRS 383.070. The Bales are Arrow's property pursuant to the terms of an agreement between Arrow and the Debtor, or in the alternative, Arrow holds a possessory lien in the Bales pursuant to KRS 383.070 and 382.110. Arrow requests a judgment confirming the existence, perfection, and priority of its liens.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to a case under title 11, in the United States Bankruptcy Court for the Eastern District of Kentucky (Lexington Division) (the "Court"), Case No. 20-50133, pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. Venue is proper in this Court, pursuant to 28 U.S.C. § 1409.

## PARTIES

4. Arrow is a Kentucky limited liability company that is in the agricultural industry.

5. The Debtor is a Delaware corporation that advertises itself as a producer of hemp and hemp-derived CBD products.

6. The Debtor is the subject of the above-referenced chapter 11 case.

## FACTUAL ALLEGATIONS

7. On or about January 1, 2019, Arrow and the Debtor executed a Tillable Acreage Sub-Lease Agreement (the "Lease," attached hereto as Exhibit A).

8. Under the Lease, the Debtor sub-leased 1,778.008 tillable acres in Graves County from Arrow and leased 57.392 acres from Arrow (collectively, the "Land") for a period from January 1, 2019 through December 31, 2023 with a five (5) year renewal right should the Debtor preform all obligations under the Lease (the "Term").

9. Pursuant to the terms of the lease, the Debtor was to be responsible for all costs associated with the improvements to the Land.

10. On or about August 29, 2019, Arrow and the Debtor executed a Harvesting and Services Agreement (the "Agreement", which is not attached due to a confidentiality provision) whereby the Debtor engaged Arrow to assist the Debtor with, and provide equipment and services for, harvesting certain of the Debtor's crop of hemp for the harvest season spanning the 2019 and 2020 calendar years in exchange for compensation to Arrow.

11. The Agreement appointed Arrow to provide detailed services to the Debtor for a total of six thousand four hundred acres (6,400) of hemp (the "Hemp").

12. Under the Agreement, Arrow was to, among other things, provide all equipment necessary in connection with harvesting (the "Arrow Equipment") and performing other services related thereto. Pursuant to the Agreement, Arrow would not be responsible for repairs, maintenance, fuel, or any costs in connection with such maintenance or fueling during the Term. In the interests of the success of the Hemp, Arrow performed many of these services when the Debtor failed to do so, for which it should be reimbursed.

13. The Debtor additionally placed some equipment titled to it (the "Debtor Equipment") on the Arrow property.

14. A chart listing all the Debtor Equipment and the Arrow Equipment is attached hereto as Exhibit B.

15. As of January 24, 2020, the date of the Involuntary Petition (the "Petition Date") and the subsequent entry of the Order for Relief on February 6, 2020, all of the Debtor Equipment, the Bales, and the Pivot were located on Arrow property.

16. On February 25, 2020, the Debtor asserting its rights under 11 U.S.C. § 542, attempted and successfully removed some of the Debtor Equipment ("Equipment I," marked with "XX" on Exhibit B) subject to the parties' mutual agreement to reserve their rights as to Arrow's assertion of liens against Equipment I.

17. The remaining Debtor Equipment ("Equipment II") and an irrigation system affixed to Arrow property (the "Pivot"), in which both Arrow and the Debtor share ownership, is currently located on Arrow's real property.

18. As a result of the Agreement and the Lease, Arrow has several bales of hemp on its property (the "Bales").

19. The Bales were grown on Arrow's real property.

20. The Bales currently remain on Arrow's real property.

**CLAIMS FOR RELIEF**

**COUNT I**

**(Declaration of Validity, Perfection, and Priority of Liens)**

21. Arrow incorporates all preceding paragraphs as if fully re-alleged herein.

22. KRS 383.070(1), (3), and (4), respectively, provide that:

(1) A landlord renting premises for farming or coal mining purposes shall have a lien on the produce of the premises rented and the fixtures, household furniture, and other personal property owned by the tenant, or undertenant, after possession is taken under the lease, but the lien shall not be for more than one (1) year's rent due and to become due, nor for any rent which has been due for more than eleven (11) months.

(3) If sued out within one hundred and twenty (120) days from the time the rent is due, a distress or attachment for rent secured by a lien under subsection (1) or subsection (2) shall, to the extent of four (4) months' rent, be superior to and satisfied before other liens upon the personal property of a lessee, assignee or undertenant, created while the property is on the leased premises, whether the rent accrued before or after the creation of the other liens.

(4) If any property subject to a lien under this section is removed openly from the leased premises, without fraudulent intent, and not returned, the landlord's lien given by this section shall continue on the property so removed only for fifteen (15) days from the date of its removal. The landlord may enforce his lien against the property wherever found.

23. KRS 383.110(1) states that:

A landlord shall have a superior lien, against which the tenant shall not be entitled to any exemption, upon the whole crop of the tenant raised upon the leased or rented premises to reimburse the landlord for money or property furnished to the tenant to enable him to raise the crop, or to subsist while carrying out his contract of tenancy. But, the lien of the landlord shall not continue for more than one hundred and twenty (120) days after the expiration of the term. If the property upon which there is a lien is removed openly from the leased premises, without fraudulent intent, and not returned, the landlord shall have a superior lien upon the property so removed for fifteen (15) days from the date of its removal, and may enforce his lien against the property wherever found.

24. KRS 355.9-313 states, in relevant part, that:

Except as otherwise provided in subsection (2) of this section, a secured party may perfect a security interest in tangible negotiable documents, goods, instruments, money, or tangible chattel paper by taking possession of the collateral.

25. KRS 355.9-322(1)(a) states that:

Except as otherwise provided in this section, priority among conflicting security interests and agricultural liens in the same collateral is determined according to the following rules:

> (a) Conflicting perfected security interests and agricultural liens rank according to priority in time of filing or perfection. Priority dates from the earlier of the time a filing covering the collateral is first made or the security interest or agricultural lien is first perfected, if there is no period thereafter when there is neither filing nor perfection.

26.     Equipment I, which was removed from Arrow property subject to Arrow's reservation of its lien rights, and within fifteen days of the filing of this Complaint, is "personal property" owned by the tenant (i.e., the Debtor) for purposes of KRS 383.070(1) and for purposes of establishing Arrow's superior lien against Equipment I under KRS 383.070(1) and (3).

27.     The filing of this Complaint satisfies the statutory requirement to enforce Arrow's lien on Equipment I under KRS 383.070(4).

28.     Equipment II and the Pivot, located on Arrow property, are both "personal property" owned by the tenant (i.e., the Debtor) for purposes of KRS 383.070(1) and for purposes of establishing Arrow's superior lien against Equipment II under KRS 383.070(1) and (3).

29.     The filing of this Complaint satisfies the statutory requirement to enforce Arrow's lien on Equipment II under KRS 383.070(3).

30.     The Bales currently located on Arrow property are both the "crop of the tenant raised upon the leased or rented premises" for purposes of establishing Arrow's superior lien against the Bales under KRS 383.110(1) and "the produce of the premises rented" for purposes of establishing Arrow's superior lien against the Bales under KRS 383.070(1) and (3).

31.     Pursuant to KRS 355.9-313(1), Arrow's superior lien in the Pivot, the Bales, and Equipment I and Equipment II is perfected by its possession at all relevant times.

32.     Pursuant to KRS 355.9-322(1)(a), Arrow's lien in the Pivot, Bales, and Equipment I and Equipment II is superior in priority to any other lien asserted by any other party as against those items.

33. By virtue of the superior liens established in favor of Arrow pursuant to KRS 383.070 and KRS 383.110, Arrow is a secured creditor of the Debtor.

34. Accordingly, Arrow is entitled to a judgment declaring that its liens in the Bales, Equipment I, Equipment II, and the Pivot are valid, perfected, and have priority over all over liens which may be asserted against those items.

## **PRAYER FOR RELIEF**

WHEREFORE, Arrow requests that this Court grant it the following relief against Debtor:

A. That a judgment be entered against the Debtor declaring that Arrow possesses a valid and perfected lien in the Pivot, Bales, Equipment I, and Equipment II that is prior to any other lien in such items of property;

B. That the Court award Arrow payment of its costs incurred in this proceeding;

C. That the Court award Arrow any and all other relief that may be due to it under the Bankruptcy Code or Federal Rules of Bankruptcy Procedure; and

D. Granting Arrow such other and further relief as the Court deems just and proper.

Dated: March 10, 2020

Respectfully submitted,

 /s/ Ellen Arvin Kennedy
Ellen Arvin Kennedy, Esq.
John M. Spires, Esq.
Sara A. Johnston, Esq.
Dinsmore & Shohl LLP
100 W. Main Street, Suite 900
Lexington, KY 40507
Telephone:  (859) 425-1000
Facsimile:  (859) 425-1099
ellen.kennedy@dinsmore.com
john.spires@dinsmore.com
sara.johnston@dinsmore.com
*Counsel for Arrow Farms, LLC*